## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LYNN ANNE EAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 17-4045-JWL |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Supplemental Security Income (SSI) benefits pursuant to sections 1602 and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 1381a and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the Commissioner's evaluation of the treating source opinion of Dr. Franz, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING and REMANDING the Commissioner's final decision for further proceedings.

I.    **Background**

Plaintiff argues that the Administrative Law Judge (ALJ) erred in evaluating the treating source opinion of Dr. Franz and in evaluating Plaintiff's allegations of symptoms resulting from her impairments.  She seeks remand for immediate award of benefits.

The court's review is guided by the Act.  <u>Wall v. Astrue</u>, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  <u>Lax v. Astrue</u>, 489 F.3d 1080, 1084 (10th Cir. 2007); <u>accord</u>, <u>White v. Barnhart</u>, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>see also</u>, <u>Wall</u>, 561 F.3d at 1052; <u>Gossett v. Bowen</u>, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  <u>Bowman v. Astrue</u>, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting <u>Casias v. Sec'y of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991)); <u>accord</u>, <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1172 (10th Cir. 2005); <u>see also</u>, <u>Bowling v. Shalala</u>, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues <u>de novo</u>, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting <u>Harrell v. Bowen</u>, 862 F.2d 471, 475 (5th Cir. 1988)).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by

other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v.

Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a

claim for disability.  20 C.F.R. § 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th

Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a

determination can be made at any of the steps that a claimant is or is not disabled,

evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting

Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether

claimant has engaged in substantial gainful activity since the alleged onset, whether she

has a severe impairment(s), and whether the severity of her impairment(s) meets or

equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404,

Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the

Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R.

§ 416.920(e).  This assessment is used at both step four and step five of the sequential

evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process--

determining at step four whether, considering the RFC assessed, claimant can perform

her past relevant work; and at step five whether, when also considering the vocational

factors of age, education, and work experience, claimant is able to perform other work in

the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one

through four the burden is on Plaintiff to prove a disability that prevents performance of

past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord,

3

Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Remand is necessary because of error in the evaluation of Dr. Franz's opinion. Consequently, the Commissioner must reassess RFC on remand, which will necessarily include reconsideration of Plaintiff's allegations of symptoms.  Therefore, the court need not address the allegations of error in the credibility determination and it may not provide an advisory opinion regarding credibility.  Plaintiff may make her arguments in that regard on remand.

## I.    Discussion

Plaintiff argues that Dr. Franz's opinion should have been accorded controlling weight.  Specifically, she argues that the ALJ "failed to provide any reason supported by the evidence for not giving Dr. Franz's opinion controlling weight."  (Pl. Br. 14).  In any case, she argues, Dr. Franz's opinion is worthy of deference and should have been given greater weight than the opinion of the state agency medical consultant, Dr. Timmerman. The Commissioner argues that the ALJ reasonably weighed the medical source opinions of Dr. Franz and Dr. Timmerman.  She points to record evidence which in her view supports the ALJ's evaluation, and argues that the court should affirm the ALJ's evaluation even though the record might support two inconsistent conclusions.  (Comm'r Br. 8-9) (citing Lax, 489 F.3d at 1084).  The court cannot find controlling weight is due, but agrees that the ALJ did not cite evidence supporting his weighing of the opinion.

4

## A.      Standard for Weighing Medical Source Opinions

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources[1] that reflect judgments about the nature and severity of [a claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis." 20 C.F.R. § 416.927(a)(2).  Such opinions may not be ignored and, unless a treating source opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations.  Id. § 416.927(c); Soc. Sec. Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2017).  A physician who has treated a patient frequently over an extended period (a treating source) is expected to have greater insight into the patient's medical condition, and his opinion is generally entitled to "particular weight."  Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir. 2003).  But, "the opinion of an examining physician [(a nontreating source)] who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion."  Id. at 763 (citing Reid v. Chater, 71 F.3d 372, 374 (10th Cir. 1995)).  However, opinions of nontreating sources are generally given

---

[1]The regulations define three types of "acceptable medical sources:"

"Treating source:"  an "acceptable medical source" who has provided the claimant with medical treatment or evaluation in an ongoing treatment relationship.  20 C.F.R. §§ 404.1502, 416.902.

"Nontreating source:"  an "acceptable medical source" who has examined the claimant, but never had a treatment relationship.  Id.

"Nonexamining source:"  an "acceptable medical source" who has not examined the claimant, but provides a medical opinion.  Id.

more weight than the opinions of nonexamining sources who have merely reviewed the medical record.  Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004); Talbot v. Heckler, 814 F.2d 1456, 1463 (10th Cir. 1987) (citing Broadbent v. Harris, 698 F.2d 407, 412 (10th Cir. 1983), Whitney v. Schweiker, 695 F.2d 784, 789 (7th Cir. 1982), and Wier ex rel. Wier v. Heckler, 734 F.2d 955, 963 (3d Cir. 1984)).

"If [the Commissioner] find[s] that a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight."  20 C.F.R. § 416.927(c)(2); see also, SSR 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2017) ("Giving Controlling Weight to Treating Source Medical Opinions").

The Tenth Circuit has explained the nature of the inquiry regarding a treating source's medical opinion.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing SSR 96-2p).  The ALJ first determines "whether the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques.'"  Id. at 1300 (quoting SSR 96-2p).  If the opinion is well-supported, the ALJ must confirm that the opinion is also consistent with other substantial evidence in the record.  Id.  "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight."  Id.

If the treating source opinion is not given controlling weight, the inquiry does not end.  Id.  A treating source opinion is "still entitled to deference and must be weighed

6

using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Id.  Those

factors are:  (1) length of treatment relationship and frequency of examination; (2) the

nature and extent of the treatment relationship, including the treatment provided and the

kind of examination or testing performed; (3) the degree to which the physician's opinion

is supported by relevant evidence; (4) consistency between the opinion and the record as

a whole; (5) whether or not the physician is a specialist in the area upon which an opinion

is rendered; and (6) other factors brought to the ALJ's attention which tend to support or

contradict the opinion.  Id. at 1301; 20 C.F.R. § 416.927(c)(2-6); see also Drapeau v.

Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health &

Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).

       After considering the factors, the ALJ must give reasons in the decision for the

weight he gives the treating source opinion.  Id. 350 F.3d at 1301.  "Finally, if the ALJ

rejects the opinion completely, he must then give 'specific, legitimate reasons' for doing

so."  Id.  (citing Miller v. Chater, 99 F.3d 972, 976 (10th Cir. 1996) (quoting Frey v.

Bowen, 816 F.2d 508, 513 (10th Cir. 1987)).

       SSR 96-2p, cited by the court in Watkins, explains that "substantial evidence" as

used in determining whether a treating source opinion is worthy of "controlling weight"

is given the same meaning as determined by the Court in Perales, 402 U.S. at 401.  SSR

96-2p, West's Soc. Sec. Reporting Serv., Rulings 113 (Supp. 2017).  As the Ruling

explains, evidence is "substantial evidence" precluding the award of "controlling

weight," if it is "such relevant evidence as a reasonable mind would accept as adequate to

support a conclusion that is contrary to the conclusion expressed in the medical opinion."

**B.**     **The ALJ's Decision**

The court's review begins, as always, with the ALJ's decision.  Here, the ALJ

assessed Plaintiff's RFC:

> to perform light work as defined in 20 CFR 416.967(a) except the claimant
> can lift and carry 20 pounds occasionally and 10 pounds frequently.  The
> claimant can walk or stand two hours out of an eight-hour workday.  The
> claimant can sit for six hours out of an eight-hour workday.  The claimant
> may occasionally stoop, balance, crouch, kneel, crawl and climb stairs, but
> should never climb ropes, scaffolds or ladders.  The claimant is limited to
> frequent handling, fingering and feeling.  The claimant must avoid
> prolonged exposure to cold temperature extremes and vibrating machinery.
> The claimant must avoid unprotected heights and hazardous moving
> machinery.  Secondary to reported chronic pain and potential side effects of
> medications, the claimant is limited to simple work.

(R. 25-26) (bolding omitted).  He also explained his consideration of the medical

opinions:

> As for the opinion evidence, Mary E. Franz, M.D., treating physician,
> submitted a medical source statement in August 2015.  She reported that
> the claimant's symptoms associated with her impairments are severe
> enough to interfere with the attention and concentration required to perform
> simple work-related tasks on a frequent basis.  Dr. Franz stated that the
> claimant is able to sit, stand or walk up to 20 minutes at one time and for
> one hour total in an eight-hour workday.  She also stated that the claimant
> needs a job that permits shifting positions at will from sitting, standing or
> walking, and taking unscheduled breaks every one to two hours, for 10 to
> 15 minutes during an eight-hour day.  She opined that the claimant has a
> sedentary exertional capacity with manipulative limitations, will likely miss
> work more than four times a month and is unable to physically work an
> eight-hour workday, five-day workweek on a sustained basis. The
> undersigned gives this opinion some weight, particularly in terms of the
> sedentary exertional level and manipulative limitations.  However, the
> undersigned finds the record as a whole does not support total disability.
>
> Accordingly, the undersigned gave little weight to Dr. Franz's opinion,
> despite the fact that she is a treating physician.  Further, the evidence
> reveals that despite any function loss, the claimant is able to perform a wide
> range of basic activities of daily living and managing a large household,

including attending to her personal care needs, preparing meals, completing laundry, shopping, driving, attending school meetings, taking children to and from school and using the computer to check her children's homework.

The state agency's medical consultant, Kyle Timmerman, M.D., who evaluated the claim at the reconsideration level, assessed the claimant as having a full range of light exertional capacity with postural, manipulative, and environmental limitations.  Having reviewed the entire record carefully, the undersigned gave great weight to the assessment of the state agency's medical consultant that the claimant has manipulative and environment limitations.  However, the undersigned finds the record as a whole supports additional postural restrictions due to the claimant's back and lower extremity impairments and obesity.  In addition, the claimant is limited to simple work secondary to reported chronic pain and potential side effects of medications.

(R. 28-29) (citations to Dr. Franz's and Dr. Timmerman's opinions omitted).

### **C.    Analysis**

The ALJ stated that he credited Dr. Franz's opinion in terms of sedentary exertional level and manipulative limitations, but he accorded little weight to the remainder of the opinion because he found "the record as a whole does not support total disability" (R. 28), and because Plaintiff "is able to perform a wide range of basic activities of daily living."  (R. 29).  There are two basic problems with this analysis.  First, the assertion that the record as a whole does not support total disability is merely a conclusion which is beyond meaningful judicial review because it says nothing about what are the shortcomings of Dr. Franz's opinion.  The only way the court could agree with this conclusion is to reweigh the record evidence and determine for itself the question of disability and what is the evidence in the record which detracts from Dr. Franz's opinion.  That is the ALJ's, not the court's, responsibility.

Moreover, limitations in sitting, standing, and walking are exertional limitations. 20 C.F.R. § 416.967; see also (R. 100-01) (exertional limitation portion of Agency's Physical RFC Assessment form).  And, although the ALJ stated that he gave Dr. Franz's "opinion some weight, particularly in terms of the sedentary exertional level," he clearly rejected all of Dr. Franz's sitting and standing and/or walking limitations without any specific explanation.  Further, the ALJ made the same error when evaluating the opinion of Dr. Timmerman.  He recognized Dr. Timmerman's opinion that Plaintiff has "a full range of light exertional capacity," and gave great weight to Dr. Timmerman's opinion regarding manipulative and environmental limitations, while finding a need for additional postural limitations.  (R. 29).  However, he assessed Plaintiff with the capacity for only a limited range of light work (perhaps significantly limited by the ability to walk or stand for only two hours in a workday), without any specific explanation or discussion of the need for further limitation than opined by Dr. Timmerman but greater ability than opined by Dr. Franz.  It is clearly within the ALJ's authority to make such determinations, but he must explain his bases for doing so, and may not merely make an arbitrary choice, or "split the difference."

Remand is necessary because the ALJ improperly discounted Dr. Franz's opinion, but the evidence will not support a finding that controlling weight must be accorded to that opinion.  Dr. Timmerman's opinion is just the sort of relevant evidence which a reasonable mind might properly accept to support a conclusion that is contrary to the conclusion expressed in Dr. Franz's medical opinion, thereby precluding the award of controlling weight to Dr. Franz's opinion.

The court notes that Plaintiff asks the court to "remand this matter for a calculation of benefits." (Pl. Br. 17). Plaintiff has waived this argument by failing to develop it. Franklin Sav. Corp. v. U.S., 180 F.3d 1124, 1128 n.6 (10th Cir. 1999) (arguments presented superficially are waived) (citing Sports Racing Servs., Inc. v. Sports Car Club of America, Inc. 131 F.3d 874, 880 (10th Cir. 1997) (dismissing claims never developed, with virtually no argument presented)).

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REVERSING and REMANDING the Commissioner's final decision for further proceedings consistent with this decision.

Dated June 13, 2018, at Kansas City, Kansas.


s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**